IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHAUN L. CHRISTENSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>PARK CITY MUNICIPAL CORPORATION, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br><br><br>Case No. 2:06-CV-202 TS |

A municipality is liable for an employee's action resulting in a deprivation of a plaintiff's constitutional right, only if the plaintiff shows those actions were "representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action."[1]

Plaintiff Shaun Christensen is an artist who alleges that his First Amendment rights and right to Equal Protection were violated by Defendant Park City's application of its licensing ordinances. Defendants are Park City and three of its employees in their official

---

[1] *Seamons v. Snow,* 206 F.3d 1021, 1029 (10th Cir. 2000).

1

capacities.[2]  Plaintiff concedes that the Ordinances are not unconstitutional.  But he contends that the "City's ordinances and the defendants' enforcement thereof . . . combine to establish the municipal policy and custom which subject" the City to liability.[3]

Defendants move to dismiss for failure to state a claim for which relief can be granted because, among other reasons, Plaintiff fails to adequately allege an unconstitutional policy or custom.

In examining whether a claim is stated under Fed. R. Civ. P. 12(b)(6), the Court applies the following standard:

> "We accept as true all well-pleaded factual allegations and view them in the light most favorable to . . . , the nonmoving party.  We may uphold the grant of a motion to dismiss if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " As we have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[4]

The requirements for municipal liability under § 1983 has been explained as follows:

A municipal policy is a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [a municipality's] officers."  An act

---

[2]The Court previously dismissed the claims against the Employee/Defendants in their individual capacities on the grounds of qualified immunity because the case law relied upon Plaintiff was not "clearly established" at the time of the events alleged in his Complaint.

[3]Pl.'s Mem. at 1.

[4]*Anderson v. Suiters*, __ F.3d __, __, 2007 WL 2421765, *2 (10th Cir. August 28, 2007) (quoting *Macarthur v. San Juan County*, --- F.3d ----, (10th Cir. 2007)).

committed by an official who has been delegated the power of "establishing final policy" will also constitute a municipal policy.[5]

In the present case, Plaintiff alleges that the licensing provisions, custom, policies and practices in effect in January 2004, constitute municipal policy and custom. However, having conceded that the ordinances are themselves not unconstitutional, Plaintiff necessarily relies upon ordinances plus their enforcement as the unconstitutional policy or custom. However, a city will not "automatically be liable under § 1983 if one of its employees happened to apply [a constitutional] policy in an unconstitutional manner, for liability would then rest on respondeat superior."[6]

Plaintiff alleges as follows: Defendant Stokes is a Park City employee "charged with the duty and responsibility of enforcing Park City ordinances dealing with code violations and instituting civil and/or criminal action against individuals who violate ordinances of Park City."[7] Defendants King and Young are Park City employees—police officers—"charged with the duty and responsibility of enforcing Park City ordinances dealing with code violations and instituting criminal action against individuals who violate ordinances of Park City."[8] Defendants King and Young acted at the "request, direction, urging and insistence"

---

[5]*Novitsky v. City Of Aurora,* 491 F.3d 1244, 1259 (10th Cir. 2007) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) and citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

[6]*City of Canton, Ohio v. Harris,* 489 U.S. 378, 387 (1989).

[7]First Amended Complaint, at ¶ 6.

[8]*Id.* at ¶¶ 7 and 8.

of Defendant Stokes.[9]  Plaintiff also argues that Defendant Stokes "personally initiated and participated in the action against" him.[10]  However, no where does Plaintiff allege that Defendants Stokes, King, or Young are official policy makers or that such authority was delegated to them.

> [M]unicipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives *by the official or officials responsible for establishing final policy* with respect to the subject matter in question.[11]

In the present case, Plaintiff's claim is that the City's policy is to enforce a constitutional ordinance in an unconstitutional manner.  But his allegations do not allege enough facts to show a claim of a municipal policy or custom claim that is "plausible on its face."[12]  There is no allegation that the decision to enforce the ordinances in such a manner was "made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."[13]  The allegations that Defendants Stokes, King, and Young have a duty and/or discretion in the enforcing the ordinances and instituting civil/criminal actions is not sufficient to show municipal policy or custom.  "As the Supreme Court has emphasized, 'discretion in the

---

[9]*Id.* at ¶ 24.

[10]Pl.'s Mem. at 2.

[11]*Pembaur*, 475 U.S. at 483 (emphasis added).

[12]*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (finding plaintiffs "have not nudged their claims across the line from conceivable to plausible" because they did not allege "enough facts to state a claim to relief that is plausible on its face").

[13]*Pembaur,* 475 U.S. at 483.

4

exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion.'" Here, Plaintiff does not allege the something more that would give rise to municipal liability based on Defendants' exercise of discretion.

Because Plaintiff does not adequately allege municipal liability, his First Amended Complaint against the City and the three City employee defendants in their official capacities must be dismissed for failure to state a claim. Because the Court finds this issue to be dispositive, it need not address Defendants' remaining arguments.

In a footnote, Plaintiff suggests leave to amend should be granted "if the Court finds any merit to Defendants' Motion to Dismiss"[14] but does not specify in what manner he would amend his First Amended Complaint. However, such a "single sentence, lacking a statement for the grounds for amendment and dangling at the end of [Plaintiff's] memorandum, [does] not rise to the level of a motion for leave to amend."[15] Under these circumstances, dismissal under Rule 12(b)(6) should be with prejudice.[16]

Further, even if the Court were able to find that there was an adequate motion for leave to amend, it would not be granted in this case. Although leave to amend is ordinarily freely given,[17] it is not justified if there are circumstances such as a "repeated failure to cure

---

[14] Pl's Mem. at 10, n. 8.

[15] *McNamara v. Pre-Paid Legal Services, Inc.*, 189 Fed.Appx. 702, 719 (10th Cir. 2006) (quoting *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999)).

[16] *Id.* at 1 (affirming dismissal with prejudice under Rule 12(b)(6)).

[17] Fed. R. Civ. P. 15(a).

deficiencies by amendments previously allowed."[18]  Plaintiff was previously afforded the opportunity to amend his Complaint for the specific purpose of stating a claim for municipal liability yet has again failed to state such a claim. Nor has he explained in what way he would amend to cure the deficiency.  In this circumstance, further amendment would be futile.  "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."[19]  It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 30) is GRANTED and the remaining claims are dismissed with prejudice.

The Clerk of Court shall close this case forthwith.

DATED October 3, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[18] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[19] *Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1126 (10th Cir. 1997)).

6