IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHAUN L. CHRISTENSEN<br><br>Plaintiff,<br><br>vs.<br><br>PARK CITY MUNICIPAL CORP.<br><br>Defendant. | MEMORANDUM DECISION DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br><br><br><br>Case No. 2:06-CV-202 |

This case is before the Court on Plaintiff's Motion for Partial Summary Judgment,[1] Defendant's Motion for Summary Judgment,[2] and Plaintiff's Motion for Summary Judgement.[3] The Court held a hearing on the motions on Monday, October 25, 2010. Previously, the Court dismissed all of Plaintiff Christensen's claims in this matter. On appeal the Tenth Circuit reversed and remanded as to Defendant Park City Municipal Corporation.[4]

---

[1] Docket No. 83.

[2] Docket No. 85.

[3] Docket No. 87.

[4] Docket No. 56.

1

The Court denies the motions for summary judgment for two reasons. First and foremost, there is a clear dispute of material fact as to whether Christensen was absolutely barred from selling his art on public space in Park City or if he could have obtained a permit to do so. Second, Christensen has brought a First Amendment claim challenging the ordinances as applied to his specific situation.

The presentation of additional evidence is necessary for the Court to make this "as applied" determination. The Court finds, and parties do not dispute, that the *O'Brien* standard of intermediate scrutiny will apply in this case. There appears to be a circuit split over the First Amendment protections extended to art being displayed and sold on public areas. However, the split circuits both apply *O'Brien* intermediate scrutiny[5] and so will this Court. Additional evidence must be presented before the Court can apply the four-part *O'Brien* test. Trial is the appropriate forum for this presentation.

It is therefore ORDERED that the Motions for Summary Judgement (Docket Nos. 83, 85, 87) are DENIED.

DATED October 26, 2010.

BY THE COURT:

TED STEWART
United States District Judge

---

[5] *Kleinman v. City of San Marcos*, 597 F.3d 323, 327-28 (holding that public display of an object with an "'expressive' component" is subject to reasonable regulation); *Bery v. City of New York*, 97 F.3d 689, 697 (2d Cir. 1996) (holding selling self-made art is fully protected speech).