IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHAUN L. CHRISTENSEN,<br><br>Plaintiff,<br><br>vs.<br><br>PARK CITY MUNICIPAL CORP.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS<br><br><br><br>Case No. 2:06-CV-202 TS |

At the final pretrial conference on Tuesday, February 22, 2011, the Court ordered that certain witnesses would not be excluded if they were made available to Plaintiff's counsel to be interviewed. Plaintiff now moves for sanctions because (1) Defendant's counsel has made all of the witnesses available on Thursday rather than Wednesday, (2) they are made available by telephone rather than in person; (3) Plaintiff's counsel has made available all of the witnesses it intended to call rather than only those subject to the

1

Order[1], and (4) Plaintiff's counsel submitted a schedule for interviews rather than allowing Defendant to set the schedule.

Defendant's counsel responds that he did not understand the Court's direction that the witnesses be made available "as soon as possible, meaning tomorrow"[2] to mean that the witnesses must all be made physically available by close of business on Wednesday. Defendant also argues that the Court's remark—that it did not want Defendant's counsel's unavailability to be "any source of [Plaintiff's counsel] being unable to have those interviews of any witness"—does not mean that Plaintiff's counsel alone could set the schedule. Defendant points out that three of the witnesses are out-of-the-country or out-of-the-state this week and the remainder of the witnesses live or work in Park City. Defendant's counsel further argues that he understood that the interviews were to be telephone interviews and that, in any event, Plaintiff's counsel was invited to City Hall in Park City to conduct the interviews face-to-face on Thursday for those individuals who live and work in Park City.

It appears that Plaintiff's counsel has accepted the offer to conduct the phone interviews for two of the witnesses (Harrington and King) who are out-of-state or out-of-the-country at the time arranged by Defendant's counsel. As to the other witnesses subject to Plaintiff's first motion to exclude (Stokes, Evans, and Young), Plaintiff has declined the

---

[1]Plaintiff has filed two motions to exclude witnesses. Only the first was filed before the final pretrial conference. Therefore, it was the only one ruled on at that time. The second motion involves allegedly undisclosed witnesses. The response to that motion is not due until today.

[2]Trans. at 2.

2

offered interviews set today because (1) they were available only by telephone or, if Plaintiff wanted to be physically present, in Park City, or (2) because they were set today instead of Wednesday. As the Court understands Plaintiff's submissions, it has refused the offered interviews of the allegedly undisclosed witnesses.

The Court finds that this dispute could have been avoided with even a modicum of cooperation on either side. For example, Defendant's counsel should have explained the problems with witnesses being located out-of-town as soon as he had that information, and more clearly communicated that Thursday was the earliest that such witnesses could have been scheduled. Plaintiff should have been flexible on what were difficult logistical arrangements on extremely short notice. Plaintiff should have cooperated with the offered travel to Park City if he wanted to meet with the in-state witnesses personally. Most important, both sides should have taken the opportunity to clarify the parameters of the order when the Court specifically and repeatedly invited questions about its rulings during the final pretrial conference.

The Court finds the deadline for interviews was not firmly the next day, but was intended to be "in as little time as we [can] manage before trial."[3] The Court did direct Defendant's counsel to contact Plaintiff to make the interview dates and times and Defendant's counsel did so. Defendant's counsel arranged the phone interviews with the out-of-state or out-of-the country witnesses as soon as possible and Plaintiff's counsel has accepted those interviews. The Court need not determine if telephone or in-person

---

[3] *Id.*

3

interviews were required because Plaintiff's counsel declined the offered in-person interviews in Park City on Thursday. As to Plaintiff's complaint that Defendant also made available persons who may be subsequently excluded pursuant to Plaintiff's second motion to exclude, the Court declines to sanction a litigant for providing more access than absolutely necessary.

The Court finds no sanctionable conduct, but reminds all counsel of their obligations to cooperate fully in the pretrial process and in the efficient presentation of their respective cases to the jury. Each afternoon of trial counsel shall meet, confer, and attempt to agree regarding the witnesses to be called the next day and expected evidentiary issues.

It is therefore

ORDERED that Defendant's Motion for Sanctions (Docket NO. 140) is DENIED.

DATED   February 24, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge