IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHAUN L. CHRISTENSEN,<br><br>　Plaintiff,<br><br>vs.<br><br>PARK CITY MUNICIPAL CORP.,<br><br>　Defendant. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE WITNESSES AND DOCUMENTS NOT IDENTIFIED OR PRODUCED PRIOR TO THE CLOSE OF DISCOVERY<br><br><br>Case No. 2:06-CV-202 TS |

Plaintiff moves to exclude several witnesses and exhibits on the ground that they were not timely produced by the close of discovery. Defendant responds that there is no prejudice because Plaintiff was made aware of the witnesses or the exhibits in time to prepare for trial.

Fed.R.Civ.P. 26(a)(3) requires parties to provide pretrial disclosures in accordance

1

with that Rule.  Unless otherwise ordered by the Court, these disclosures must be made at least 30 days before trial.[1]

Fed.R.Civ.P. 37(c) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[2]

The Tenth Circuit has directed that

[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide [the Court's] discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[3]

Plaintiff seeks to exclude twenty of the twenty-three witnesses that Defendant lists in the Pretrial Order because it had disclosed only three witnesses (Stokes, King, and Young) in its pretrial disclosures.  Defendant responds that it only intends to call four witnesses (Daley, Bakaly, Miller, and Collette) who were not listed in either its initial disclosures or Plaintiff's initial disclosures.  Defendant argues that Plaintiff should have been aware that Ms. Collette would testify and the substance of her information because her affidavit was submitted in support of Defendant's Motion for Summary Judgment, filed

---

[1] Fed.R.Civ.P. 26(a)(3)(B).

[2] Fed.R.Civ.P. 37(c).

[3] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).

in June 2010.⁴  As to Daley, Bakaley and Miller, Defendant argues that it made these witnesses available for interviews but Plaintiff declined.  Therefore, Defendant argues that Plaintiff is not prejudiced.  Further, Defendant argues that because Plaintiff (then pro se) conducted no discovery before the end of the discovery period, and his counsel did not seek to reopen discovery when appointed, "there was no need prior to the time right before the filing of Pretrial Disclosures for Park City to further develop what witnesses and exhibits would be needed to defend this case."⁵  Defendant argues that once it made its determination of what was required to defend, it provided that information in its Rule 26(a)(3) disclosures filed on January 28, 2011.  However, the Rule 26(a)(3) disclosures did not disclose the expected substance of their testimony.

The Court rejects Defendant's last argument out of hand.  The fact that another litigant chooses not to conduct formal discovery in no way relieves Defendant of its own independent duty as a litigant under the Rules of Civil Procedure regarding timely disclosures.  Further, Plaintiff's counsel cannot be faulted for not seeking to re-open discovery when they had no reason to know that Defendant's disclosures were incomplete.  Thus, there is no substantial justification for the Defendant's failure to timely disclose, including by timely updates.

Considering the *Woodworker's* factors for determining if the failure was harmless, as to Ms. Collette, the Court finds that there is no prejudice or surprise to Plaintiff because

---

⁴Docket No. 86, Ex. D.

⁵Dcoket No. 148 at 3.

her general testimony was disclosed in her affidavit filed eight months before the start of trial. Defendant made her available for a 45-minute interview by phone the Thursday before the scheduled start of trial on the following Tuesday. Knowing the substance of her testimony from her affidavit, Plaintiff still declined that offered interview. Thus, even had there been the potential for some prejudice, Defendant had the ability to cure that prejudice. Because her testimony was known, introducing it would not disrupt the trial. The Court finds no bad faith by Defendant. The Court will allow Ms. Collette to testify.

As to witnesses Daley (the Park City's Prosecutor), Bakaly (Park City's Manager), and Miller (Director of the Sundance Institute), the Court finds that these witnesses were not disclosed until January 28, 2011. To state their job titles is to state the potential breadth of their testimony and the fact that Defendant should have disclosed them as potential witnesses. The Court finds prejudice to Plaintiff in not being able to prepare its case without timely disclosure. Among other things, without timely disclosure, new counsel had no reason to seek re-opening of discovery.

Bakaly's and Miller's expected testimony was first outlined in the City's Trial Brief filed the Tuesday of the pretrial conference, but Mr. Daley's expected testimony was not outlined. In view of the fact that they were late disclosed, their expected testimony was very late disclosed, or in the case of Daley, not disclosed, the Court finds that the offered 45 minute interviews two business days before trial is insufficient to cure that prejudice. The interviews were not opportunities for depositions. They were scheduled the same day as the court-ordered interviews of other witnesses, decreasing the time and effort available to Plaintiff's counsel to focus on the three untimely disclosed witnesses. The Court finds

4

that the prejudice cannot be cured, that the potential to disrupt the trial is great because a continuance would be warranted if the witnesses were admitted and the Court's extremely full calendar does not allow for such a continuance.

Therefore, witnesses Daley, Bakaly, and Miller will be excluded.

As to the exhibits, of the 17 exhibits not timely disclosed and provided to Plaintiff, 13 of those exhibits have now been withdrawn.[6] Three of the exhibits are demonstative, consisting of maps of the City and a photograph of Miner's Park where Plaintiff was arrested (Exs. x and xi). The Court finds that there has not been a showing of prejudice from these exhibits. Subject to the laying of appropriate foundation, they will not be excluded at trial. Ex. xviii is a copy of the Master Festival License for the Sundance Film Festival in 2001, during which Plaintiff was arrested. Defendant represents that it has only just now located this document. Ex. xxii is an Information Guide for Business Owners During the Sundance Film Festival. Plaintiff has not shown prejudice from the admission of these exhibits. Subject to adequate foundation and a showing of relevance at trial, they will not be excluded.

Finally, Plaintiff's reply raises a new argument regarding witness King, who is no longer employed by the Defendant. Plaintiff argues that he should be excluded because Defendant has failed to provide his address or timely inform Plaintiff's counsel that it cannot accept a subpoena for him. Defendant responds that it has no address for Mr. King, and that it informed Defendant on January 29, 2011, that it would be unable to accept

---

[6]Docket No. 153 at 2.

5

a subpoena for him. The Court finds that Defendant cannot disclose an address it does not have and that Defendant is not responsible for Plaintiff's alleged inability to subpoena witness King. Therefore he will not be excluded. However, Plaintiff may reserve resting his case for the purpose of taking Mr. King's testimony out of order if he appears to testify in Defendant's case. It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude Witnesses and Documents not Identified or Produced Prior to the Close of Discovery is GRANTED as to witnesses Daley, Bakaly, and Miller, the withdrawn witnesses and exhibits and is otherwise DENIED.

DATED February 25, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge