IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHAUN L. CHRISTENSEN,<br><br>Plaintiff,<br><br>vs.<br><br>PARK CITY MUNICIPAL CORP.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER<br><br><br><br>Case No. 2:06-CV-202 TS |

This matter is before the Court on Defendants' Motion for Reconsideration of the February 25, 2011 Memorandum Decision and Order granting in part Plaintiff's Motion in Limine to Exclude untimely disclosed witnesses and evidence. Among other things, that Order excluded Defendant's proposed witnesses Daley, Bakaly, and Miller.

Although the Court retains "discretion to revise interlocutory orders prior to entry of final judgment,"[1] the doctrine of judicial economy requires that reconsideration be limited to situations where the Court "misapprehended the facts, a party's position, or the

---

[1] *Price v. Philpot,* 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

1

controlling law."[2]  A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[3]

Defendant contends that the Court's order is legal error and misapprehends the facts. Defendant relies on the following provision of the Pretrial Order:

> In the event that witnesses other than those listed are to be called to testify at the trial, a statement of their names, addresses, and the general subject matter of their testimony will be served upon opposing counsel and filed with the Court at least 5 days prior to trial.[4]

Defendant argues that this provision allows identification of witnesses up until five days before trial. This is an argument that could have been, but was not, raised in the prior briefing. Therefore, it is not grounds for reconsideration. Further, a witness specifically excluded will not be allowed to testify under the above paragraph because they are not "to be called to testify at the trial."

Defendant next argues that the Court misapprehended the facts regarding witness Daley. In support Defendant makes several factual assertions to show that Plaintiff should have realized during discovery that Daley was a potential trial witness and that Plaintiff would not be prejudiced or harmed by allowing his testimony. None of these facts or argument regarding Daley were advanced in Defendant's opposition to the Motion in Limine. Thus, they are not grounds for reconsideration.

---

[2] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (other citations omitted)).

[3] *Id.*

[4] Pretrial Order ¶ 7(d).

Defendant also argues the Court misapprehends Plaintiff's position regarding witnesses Bakaly and Miller. It argues that there was no way its counsel could have known that Bakaly (Park City's Prosecutor) would have been needed to testify about the licensing system. It also argues that there was no way for its counsel to know that the Sundance Film Festival's Master License would be at issue and, therefore, that the testimony of Miller (the Festival's Director) would be required. Defendant does not explain why its counsel would not have known that the witnesses would be needed, when it became aware that they would be needed, and what efforts it made to disclose their potential testimony as soon as it did become aware. Most importantly, Defendant does not explain why it did not raise any of these matters in opposition to the Motion. Thus, because they could have been, but were not, raised in prior briefing the arguments are not grounds for reconsideration.

The Court notes that the time to make a record on the substantial justification or the harmlessness of a failure to disclose under the *Woodworker's*[5] factors was in response to the Motion in Limine. Where Defendant did make such a specific showing as to a witness (Collette) that witness was not excluded. However, having failed to timely make such specific showing of justification or the harmlessness of the failure to disclose in its opposition, it may not use the Motion to Reconsider to advance arguments that could have been raised in prior briefing. It is therefore

---

[5] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

ORDERED that Defendants' Motion to Reconsider the February 25, 2011 Order excluding witnesses Daley, Bakaly, and Miller (Docket No. 154) is DENIED.

DATED   February 28, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge