IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SHAUN L. CHRISTENSEN,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>PARK CITY MUNICIPAL CORP.,<br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S RULE 50 MOTION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:06-CV-202 TS |

At the close of Plaintiff's case, Defendant moved to exclude instructions on prior restraint and moved for Judgement as a Matter of Law. Plaintiff then made an oral motion for summary judgment. The Court ruled from the bench granting the Rule 50 Motion in part and this written order memorializes that ruling. Fed. R. Civ. P. 50(a) provides:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party . . . .

In a Rule 50 motion, all reasonable inferences are drawn in favor of the nonmoving party and this court does "not make credibility determinations or weigh the evidence."[1] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[2] A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[3]

Park City first moves for judgment on any facial challenge to Park City Ordinances.

Park City is correct that the law of this case is that Mr. Christensen is bringing an as-applied challenge and that has been his position regarding trial.[4] Thus, his attempt to bring a facial challenge is untimely. Further, to the extent Mr. Christensen is now arguing for a facial challenge, he concedes that it would have been a matter for the Court as a matter of law. Therefore, the Court will grant judgment on the facial challenge.

Defendant also seeks judgment on the basis of lack of standing. The Court finds that Defendant has standing to challenge Park City Ordinances §§ 4-2-1 and 4-3-2 without first applying for a licence under those statutes because he was arrested for alleged violation of those statutes.

Next, Defendant seeks judgment as a matter of law on the basis of insufficient evidence. The Court finds that Plaintiff has presented a legally sufficient evidentiary basis

---

[1] *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2110 (2000).

[2] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

[3] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999).

[4] *See e.g.* Pl.'s Trial Brief at 4 (summary of trial claims).

with respect to his § 1983 claims based on violations of his rights under the First and Fourth Amendment.

However, as to the equal protection claim, there is no legally sufficient basis for the claim. In his as-applied challenge under the Fourteen Amendment, Mr. Christensen must show that the ordinances are applied and administered in an unequal manner.[5] But Plaintiff has not shown in actual fact that the ordinances were applied and administered in an unequal manner. First, he was not arrested or otherwise treated under those same ordinances that he claims treat "similarly situated" persons differently. Second, there is nothing in the evidence presented in Plaintiff's case-in-chief to show how those ordinances were actually enforced or applied to him while "identifying a similarly situated" non-visual artist comparator "that received favorable treatment."[6] Although, there was some testimony from Ms. Stokes as to hypotheticals posed by Plaintiff's counsel, Ms. Stokes also clarified in her testimony that she had never had to deal with such occurrences during her time as a code enforcement officer. Such hypotheticals are insufficient to establish a comparator for an as-applied challenge.

---

[5] *Primera Iglesia Bautista Hispana of Boca Raton, Inc v. Broward County*, 450 F.3d 1295, 1311 (11th Cir. 2006) (distinguishing between analysis appropriate for a facial equal protection claim and an as applied equal protection claim).

[6] *Id*. at 1311.

Where there is no evidence to establish how others were "similarly situated,"[7] the Court will dismiss the as-applied equal protection claim under Rule 50.

Turning to the issue of instructions on prior restraint, the Court finds that there was no timely notice of the prior restraint claim. On Plaintiff's motion, the Defendant's witnesses have been limited to those who were timely disclosed. Thus, because its witnesses were limited, there is no ability for Defendant to have cured the prejudice resulting from the failure to timely assert this claim before trial. Therefore, the Court will not instruct on the prior restraint claim.

Finally, Plaintiff's summary judgment claim is denied as filed well after the deadline. It is therefore

ORDERED that Defendant's Motion for Judgment is GRANTED in part as to the facial challenge to the ordinances, to the equal protection claims and the Court will not submit a prior restraint claim to the jury. It is otherwise DENIED. It is further

ORDERED that Plaintiff's oral Motion for Summary Judgment is DENIED.

DATED   March 4, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *Id.* (holding "A plaintiff bringing an as-applied Equal Terms challenge must present evidence that a similarly situated nonreligious comparator received differential treatment under the challenged regulation. If a plaintiff offers no similarly situated comparator, then there can be no cognizable evidence of less than equal treatment, and the plaintiff has failed to meet its initial burden of proof.")