IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHAUN L. CHRISTENSEN, Plaintiff, vs. PARK CITY MUNICIPAL CORP., Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS<br><br>Case No. 2:06-CV-202 TS |

The Court has before it Plaintiff Shaun Christensen's ("Christensen") Motion for Attorney's Fees and Costs.[1] Therein, Christensen contends that he, as a prevailing party, is entitled to recoup his attorney's fees and costs under 42 U.S.C. § 1988. Defendant Park City Municipal Corporation ("Park City") concedes that Christensen is a prevailing party, but contends that Christensen's recovery of nominal damages was a *de minimis* victory, making any award of attorney's fees unreasonable. Park City further contends that specific costs sought by Christensen are not costs which can be taxed under relevant federal law and should be denied.

---

[1]Docket No. 189.

1

For the reasons set forth below, the Court finds that Christensen is entitled to his requested attorney's fees and that the requested attorney's fees are reasonable. As to Christensen's request for costs, the Court finds that many of the requested expenses do not fall within any of the narrow categories of recoverable expenses and will, therefore, only award part of the requested costs.

## I. BACKGROUND

On January 17, 2004, Christensen, a visual artist, was engaged in displaying and offering for sale his original artwork at a public park within Park City's limits. That afternoon, Christensen was approached by a Park City employee who informed him that his activities violated Park City Municipal Code ("PCMC") §§ 4-2-1 (conducting business without a license) and 4-3-2 (conducting business outside of a "fully enclosed business" without a license) and that unless he ceased such activities, he would be cited and arrested. Christensen refused to cease such activities, asserting that he had a right under the United States Constitution to display and sell his artwork on government property such as public parks. The Park City employee then contacted two Park City police officers, who approached Christensen in the park and again repeated the demand that Christensen cease such activities. After receiving the same noncompliant response from Christensen, the officers arrested Christensen and transported him to the Summit County Jail.

Christensen was released from jail after posting bail on January 20, 2004. Although criminal charges were instituted against Christensen, these charges were latter dismissed on March 26, 2004.

On April 15, 2004, Park City amended its ordinances, enacting PCMC § 4-3A-7. This ordinance designated certain space within the city for the offer and sale of artist's original artwork on Fridays, Saturdays, Sundays, and holidays. This ordinance has been upheld as a reasonable time, place, and manner restriction on an artist's First Amendment right of free expression.[2]

Christensen filed his initial Complaint on March 10, 2006, naming as defendants Park City, the Park City employee, and the two arresting Park City Officers. Therein, Christensen contended that as applied, PCMC §§ 4-2-1 and 4-3-2, and the acts of the individual defendants in enforcing that ordinance, violated Christensen's rights protected by the First, Fourth, and Fourteenth Amendments.

On Motion by Defendants, the Court dismissed Christensen's Complaint for failure to state a claim upon which relief could be granted. The Court found that the causes of action against the individual defendants should be dismissed with prejudice because they were entitled to qualified immunity. As to the claims against Park City, the Court granted Christensen's request to amend his Complaint.

Christensen filed his Amended Complaint on October 5, 2006, naming as defendants Park City and the individual defendants in their official capacity. In his Amended Complaint, Christensen sought a declaration that Defendants violated his First, Fourth, and Fourteenth

---

[2]*Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1257 (10th Cir. 2009).

Amendment rights and sought "damages (special and general) in an amount to be established at trial" for these violations.[3]

On Motion by Defendants, the Court once again dismissed Christensen's Complaint for failure to state a claim upon which relief can be granted. Proceeding thereafter pro se, Christensen appealed this dismissal to the Tenth Circuit. The Tenth Circuit reversed this Court's dismissal of Christensen's claims against Park City, and remanded the action for further proceedings consistent with its opinion.[4]

On October 25, 2010, the Court entered an order directing the Clerk of Court to locate pro bono counsel for Christensen. Pro bono counsel entered their appearance on November 8, 2010.

Trial in the action commenced on March 1, 2011, and concluded on March 4, 2011. At the close of Christensen's case, Park City moved for Judgment as a Matter of Law on all of Christensen's claims. The Court denied the motion as to Christensen's First and Fourth Amendment claims and granted the motion as to Christensen's Fourteenth Amendment claim.[5]

The jury found by a preponderance of the evidence that Park City violated Christensen's First and Fourth Amendment rights and awarded nominal damages of $1.00.

---

[3]Docket No. 29, at 10.

[4]*See Christensen v. Park City Mun. Corp.*, 554 F.3d 1271 (10th Cir. 2009).

[5]Docket No. 183.

## II. DISCUSSION

A. ATTORNEY'S FEES UNDER § 1988.

Christensen moves the Court for an entry of attorney's fees as a prevailing party under 42 U.S.C. § 1988. Section 1988 provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."[6] To receive an award of attorney's fees under this title, "a claimant must prove two elements: (1) that the claimant was a 'prevailing party' in the proceeding; and (2) that the claimant's fee is 'reasonable.'"[7]

*1.    Prevailing Party*

As to the first element, there is no dispute that Christensen is a prevailing party in the present matter. The Court finds this is so for two reasons. First, Christensen prevailed on his claim for declaratory judgment that Park City violated his First and Fourth Amendment rights. A declaratory judgment gives Christensen prevailing party status because it resulted in the "settling of some dispute *which affects the behavior of the defendant towards the plaintiff*."[8] Second, the jury awarded Christensen nominal damages and as the Supreme Court has succinctly stated, "a plaintiff who wins nominal damages is a prevailing party under § 1988."[9]

---

[6] 42 U.S.C. § 1988(b).

[7] *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998).

[8] *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (emphasis in original).

[9] *Farrar v. Hobby*, 506 U.S. 103, 112 (1992).

5

2. *Reasonableness of Fee*

The second element asks whether the requested fee is reasonable. "The general rule under § 1988 is that 'the prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'"[10] The Tenth Circuit has recognized that "the district court's discretion to deny fees to a prevailing party is quite narrow."[11]

Generally, a court will determine "what fee is reasonable by first calculating the lodestar—the total number of hours reasonably expended multiplied by a reasonable hourly rate—and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome."[12] When a plaintiff receives nominal damages, however, the district court must first evaluate "whether a prevailing party achieved enough success to be entitled to an award of attorney's fees."[13] "When the plaintiff's success is purely technical or *de minimis*, no fee can be awarded. Such a plaintiff either has failed to achieve victory at all, or has obtained only a Pyrrhic victory for which the reasonable fee is zero."[14] In such circumstances, the Court may justifiably award no fees without discussing the traditional lodestar factors.[15] The Court

---

[10]*Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 89 n.1 (1989)).

[11]*Id.* (quotation marks and citation omitted).

[12]*Id.*

[13]*Id.*

[14]*Farrar*, 506 U.S. at 117 (O'Connor, J., concurring).

[15]*Id.* at 115 (majority opinion).

must, therefore, first determine whether Christensen, in receiving a declaratory judgment and nominal damages, achieved sufficient success to justify an award of attorney's fees.

      *a.*    The *Farrar Factors*

To determine whether a prevailing party has achieved enough success to reasonably receive an award of attorney's fees, the Tenth Circuit evaluates the following three factors culled from Justice O'Connor's concurrence in *Farrar*: "(1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which the plaintiff prevailed; and (3) the public purpose of the litigation."[16] The Court will address each of these in turn.

      *i.*    *The Recovery*

"The first and 'most critical factor' in determining the reasonableness of a fee award is 'the degree of success obtained.'"[17] Park City contends that, like the plaintiff in *Farrar*, Christensen only prevailed against one of the several defendants he initially sued and was awarded only nominal damages—making his victory *de minimis*, at best.[18] Thus, Defendant concludes, Christensen achieved nothing more than "'the moral satisfaction of knowing that a federal court concluded that his rights had been violated'"[19] and is not entitled to an award of attorney's fees.

---

[16]*Phelps*, 120 F.3d at 1131 (citing *Farrar*, 506 U.S. at 121-22 (O'Connor, J., concurring)).

[17]*Id.* at 1132 (quoting *Farrar*, 506 U.S. at 114 (majority opinion)).

[18]Docket No. 193.

[19]*Id.* at 10 (quoting *Hewitt*, 482 U.S. at 762).

In comparing the present action with the facts presented in *Farrar* and *Hewitt*, however, compelling distinctions arise. In *Farrar*, the primary purpose of the litigation was to recover private damages. There, the plaintiff sought $17 million in damages, but received only $1.00.[20] The Supreme Court noted that "'where recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.'"[21] In the present action, however, recovery of private damages was not the exclusive purpose of Christensen's lawsuit. During Christensen's case-in-chief, Christensen introduced very limited evidence of damages. Instead, Christensen focused much of his efforts on his claim for a declaratory judgment that Park City violated his First, Fourth, and Fourteenth Amendment rights. While Christensen's Fourteenth Amendment action was dismissed under Fed.R.Civ.P. 50 at the close of his case, Christensen prevailed on his First and Fourth Amendment claims.

Park City's reliance on language from *Hewitt* is likewise unavailing. In *Hewitt*, the plaintiff ultimately failed to prevail on any of his § 1983 claims because the defendants were entitled to qualified immunity. Despite his failure to prevail on any of his substantive claim, plaintiff argued he was entitled to attorney's fees under § 1988 because the Court of Appeals—in reversing a prior dismissal by the district court—had held that he was entitled to judgment on his § 1983 claim unless defendants were entitled to qualified immunity.[22] The Supreme Court

---

[20]*See Farrar*, 506 U.S. at 114.

[21]*Id.* (quoting *Riverside v. Rivera*, 477 U.S. 561, 585 (Powell, J., concurring)).

[22]*Id.* at 759.

rejected this argument, concluding that "[t]he only 'relief' [plaintiff] received was the moral satisfaction of knowing that a federal court concluded that his rights had been violated," which the Court found to be insufficient to render plaintiff a prevailing party under § 1988.[23]

As the discussion above illustrates, the *Hewitt* Court's decision did not concern the reasonableness of the requested fee, but rather focused exclusively on whether *Hewitt* was a prevailing party. Given this background, the Court finds Park City's contention that Christensen received nothing more than *Hewitt*-like "moral satisfaction" to be misplaced—especially in light of the fact that Park City does not dispute that Christensen was a prevailing party. Unlike the plaintiff in *Hewitt*—who merely received a favorable judicial statement of law—Christensen received a declaration by a duly empaneled jury that Park City violated his First and Fourth Amendment rights and awarded him nominal damages.

The jury's verdict comports with Christensen's goal—to receive a declaration that Park City and other individuals violated his constitutional rights and to be awarded unspecified damages for the violation. The Court, therefore, finds that Christensen's victory satisfies the first *Farrar* factor.

            ii.       *The Significance of the Legal Issues*

The second *Farrar* factor "goes beyond the actual relief awarded to examine the extent to which the plaintiff[] succeeded on his theory of liability."[24] Park City contends that this factor weighs in its favor because Plaintiff only prevailed on two of his claims against only one of the

---

[23] *Id.* at 762.

[24] *Phelps*, 120 F.3d at 1132.

9

original Defendants. The Tenth Circuit's application of this factor has made clear, however, that this determination is not a simple exercise in arithmetic, where the Court takes the sum of the claims plead and the defendants named, and subtracts the claims which failed and defendants which escaped judgment. Instead, the Court determines whether Plaintiff "succeeded on one of [his] theories of liability in this case."[25] Here, Christensen prevailed on two of his central theories, namely, that Park City's actions and ordinances infringed upon his First and Fourth Amendment rights. The Court finds this sufficient to satisfy the second *Farrar* factor.

### iii. The Public Purpose

"The third inquiry under *Farrar* considers the public purpose served by the plaintiff[']s success."[26] As explained by the Tenth Circuit, "[t]his factor examines whether the judgment vindicates important rights and deters future lawless conduct as opposed to merely 'occupying the time and energy of counsel, court, and client.'"[27] Park City contends that Christensen's jury verdict is meaningless, considering Park City changed its unconstitutional policy almost two years prior to the filing of the present action. Park City's contention, however, is undermined by its position throughout this litigation that the relevant sections of the 2004 PCMC as applied against Christensen were constitutional. Throughout this litigation, Park City vigorously contended that it committed no constitutional violation in arresting Christensen in April of 2004. Indeed, Park City expended great sums to argue that it had done nothing wrong. While Park City

---

[25]*Id.*

[26]*Id.*

[27]*Id.* (quoting *Farrar*, 506 U.S. at 121-22 (O'Connor, J., concurring)).

may contend that the present action "teaches no valuable lesson because it carries no discernable meaning,"[28] the lesson from the present case appears quite clear: A city cannot constitutionally bar visual artists from access to the public square, and then arrest an artist when he attempts to exercise his constitutional rights on public property. The Court finds this sufficient to satisfy the third *Farrar* factor.

       *iii.*  Farrar *Factor Conclusion*

In light of the foregoing, the Court finds that Christensen's victory was sufficient to support an award of attorney's fees under *Farrar*. Park City has failed to demonstrate how the present action falls within the "narrow category of cases"[29] where no attorney's fees should be awarded. The Court will, therefore, award Christensen his reasonable attorney's fees.

    b.  *The Lodestar Determination*

The Court will now evaluate whether the requested fee is reasonable under the traditional lodestar determination—i.e., by determining "the total number of hours reasonably expended multiplied by a reasonable hourly rate."[30]

Christensen requests $116,110.00 in attorney's fees. During these proceedings, Christensen has been represented by Brent V. Manning and Aaron C. Garrett of the law firm Manning Curtis Bradshaw & Bendar LLC ("Manning Curtis"), and Brian M. Barnard and Aaron

---

[28]*Farrar*, 506 U.S. at 122.

[29]*Phelps*, 120 F.3d at 1131.

[30]*Id.*

11

Kinikini of the Utah Legal Clinic. The Court will discuss each of these attorneys and their requested fees in turn.

Mr. Manning is a 1975 graduate of Harvard Law School and has been engaged in private practice, with an emphasis in commercial litigation, since that time. He is a founding member of Manning Curtis. For his services, he seeks his normal hourly rate of $350.00, which he attests is comparable with those typically charged in the Salt Lake City market by other practitioners with similar experience and clientele. Mr. Manning spent 97.5 hours on this matter, bringing his requested fee to $34,125.00.[31]

Mr. Garrett is a 2009 graduate of William & Mary Law School, who joined Manning Curtis in October of that year. He performed work on this case as an associate at a rate of $185.00. Since his law firm undertook representation of Christensen, he has spent 298.25 hours on this matter, bringing his requested fee to $55,176.25. Mr. Manning attests that this rate is comparable and reasonable in light of the prevailing market rate for an associate of comparable experience.

---

[31]In Christensen's reply, Christensen informs the Court that he has incurred additional fees in the amount of $1,803.75 in the time between drafting the initial motion and the filing of the reply. Christensen supports this additional amount in Exhibit 1. *See* Docket No. 196. On close review, the Court notes that the $1,803.75 only accounts for the additional 9.75 hours incurred by Mr. Garrett at his rate of $185.00, and does not include the additional .5 hour incurred by Mr. Manning at his typical rate of $350.00. If this was included, Mr. Manning would have incurred 98 hours at a total fee of $34,300. The Court will assume that this omission was purposeful and will use the total provided by Christensen. Thus, the total given for Mr. Manning is the total included in his initial affidavit, while the total given from Mr. Garrett includes the additional 9.75 hours incurred in replying to Park City's Opposition.

Manning Curtis also used the services of a law clerk and a paralegal in representing Mr. Christensen.  As to the law clerk, Manning Curtis employed a third-year law student who conducted legal research and assisted in drafting motions and memoranda filed in this matter.  Manning Curtis seeks a fee of $725.00 for this law clerk's work, which is the product of 5 hours of work at a rate of $145.00 per hour.  As to the paralegal, Manning Curtis seeks a fee of $373.75, which is the product of 3.25 hours of work at a rate of $105.00.  The paralegal used in this matter has thirteen years of experience.  Mr. Manning attests that these rates are comparable and reasonable in light of the prevailing market rate for a law clerk and a paralegal of comparable experience.

The total fees sought by Manning Curtis are $90,400.00.

Mr. Barnard is a 1969 graduate of Loyola Law School, and admitted to the bars of Utah, California (inactive), and Washington, D.C. (inactive).  He founded the Utah Legal Clinic in 1973 and has focused his practice on federal civil rights litigation since approximately 1976.  For his services, he seeks his normal hourly rate for civil litigation matters of $300.00, which he attests is reasonable and likely below standard rates in the local legal community.

Mr. Kinikini is a 2004 graduate of the S.J. Quinney College of Law of the University of Utah, who was employed at the Utah Legal Clinic from 2006 to 2007.  For his services, the Utah Legal Clinic seeks an hourly rate of $175.00.

The Utah Legal Clinic also used a law clerk and paralegals in this matter.  For their services, the Utah Legal Clinic seeks an hourly rate of $75.00, which Mr. Barnard attests is reasonable and below current market rate.

The Utah Legal Clinic does not provide individualized totals of hours spent on this matter, but does provide the Court with a line item report of each billing entry incurred in this matter with the applicable hourly rate.[32] For these services, the Utah Legal Clinic seeks an attorney fee of $25,710.00.

Park City does not necessarily dispute that Christensen's requested fees or the hours expended are not reasonable. Instead, Park City contends that Christensen's attorney's hourly rate should be significantly reduced in light of the fact that Christensen's counsel took this matter *pro bono publico* on invitation from the Court. The Court finds this contention to be squarely at odds with Supreme Court precedent interpreting § 1988. As the Supreme Court has stated,

> Plaintiffs who can afford to hire their own lawyers, *as well as impecunious litigants*, may take advantage of this provision. And where there are lawyers or organizations that will take a plaintiff's case without compensation, that fact does not bar the award of a reasonable fee. All of this is consistent with and reflects our decisions in cases involving court-awarded attorney's fees.[33]

The Court continued:

> "Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a non-profit legal services organization." That a nonprofit legal services organization may contractually agree not to charge *any* fee of a civil rights plaintiff does not preclude the award of a reasonable fee to a prevailing party in a § 1983 action, calculated in the usual way.[34]

In light of this clear precedent, the Court rejects Park City's contention. The Court will, therefore, calculate Plaintiff's attorney's fees in the usual manner.

---

[32] *See* Docket No. 190, Ex. 2.

[33] *Blanchard*, 489 U.S. at 94.

[34] *Id.* at 94-95 (quoting *Blum v. Stenson*, 465 U.S. 886, 894 (1984)).

14

Park City additionally contends that it would be unreasonable to award Christensen his attorney's fees from the Utah Legal Clinic for the filing of the original Complaint and the First Amended Complaint because both were dismissed by this Court. And even though the Court's dismissal of the First Amended Complaint was reversed by the Tenth Circuit, Park City argues that the Utah Legal Clinic had nothing to do with that success because Christensen obtained that reversal pro se on appeal.

The Court finds these contentions to be without merit. As an initial matter, the drafting and filing of a complaint is not a simple endeavor. Without the assistance of counsel, the Court doubts Christensen would have adequately pled a plausible claim that could ultimately proceed to trial. As to the fact that the complaints were previously dismissed, the Court finds this fact alone uncompelling. The Court notes that the claims against the individuals were dismissed not because the claims lacked merit, but because the individual Defendants were entitled to qualified immunity because the alleged constitutional violation was not clearly established at the time of the deprivation.[35] Given the nature of the claims raised in Christensen's Complaint, anticipating whether Christensen would prevail over an assertion of qualified immunity would have been nearly impossible at the filing of this suit. More importantly, the Utah Legal Clinic competently defended these motions to dismiss and, though counsel failed to prevail on either motion at the district court level, the arguments raised therein formed the basis of Christensen's appeal. Thus, Utah Legal Clinic's efforts were invaluable in framing the issues presented to the Tenth Circuit on appeal.

---

[35] *See* Docket No. 27.

Having resolved Park City's contentions in Christensen's favor, the Court finds the requested attorney's fees to be reasonable and will award Christensen his attorney's fees.

B.   COSTS

Christensen also seeks recovery of the following costs under Fed.R.Civ.P. 54 and 28 U.S.C. § 1920: $987.64 for expenses incurred by Manning Curtis, $27.85 for expenses incurred by Utah Legal Clinic, and $2,093.40 in expenses incurred by Christensen personally. Each of these requests is supported by a separate Bill of Costs.[36]

The Court finds that many of the requested costs are not taxable under § 1920 and will, therefore, be excluded without discussion. The Court finds it necessary, however, to explain its denial of Christensen's request for personal travel expenses totaling $1,455.34. Christensen admits that these costs do not fit nicely within any of the four § 1920 categories. Nonetheless, Christensen contends that he should be entitled to reimbursement of these expenses because most of these expenses were incurred while proceeding pro se. Christensen contends that if these expenses were incurred by counsel, they certainly would have been recoverable.

Christensen's contention overlooks the distinction between recovery for attorney's fees and recovery of costs under § 1920. While an attorney may recover travel expenses as part of his or her attorney's fees, these costs are not recoverable under § 1920. A pro se litigant, however, is

---

[36]The Court notes that the Bill of Costs were filed as exhibits to various memoranda and that the request for § 1920 costs were intermingled with the request for attorney's fees under § 1988. For future reference, the Court notes that a Bill of Cost should be filed separately for convenience of the Clerk of Court.

not entitled to attorney's fees under § 1988, regardless of whether they are members of the bar.[37]
Thus, Christensen's request for traveling expenses is not recoverable under § 1920 or § 1988.

Christensen also seeks reimbursement for a $100 consultation fee he paid Utah Legal Clinic. Park City contends, and the Court agrees, that this fee is not a recoverable cost under § 1920. This consultation fee, however, was certainly a fee paid by Christensen for services rendered by an attorney. Thus, the Court finds that this fee is recoverable under § 1988 as a reasonable attorney's fee. The Court will, therefore, include Mr. Christensen's $100 for his initial consultation fee in his total award of attorney's fees as the prevailing party, bringing the total awarded attorney's fee to $116,210.00.

Pursuant to Fed.R.Civ.P. 54 and § 1920, the Court awards the following costs to Manning Curtis: (1) $415.40 for witness travel charges and (2) $50.75 in Accurint charges, totaling $466.15. Further, the Court awards Utah Legal Clinic $6.50 in copying fee paid to Park City for requested documents. Finally, the Court awards Mr. Christensen personally $347.32 in photocopying and printing expenses and $5.70 in record fees paid to Park City, totaling $353.02.

All other requested expenses are not recoverable under § 1920.

---

[37]*Kay v. Ehrler*, 499 U.S. 432, 436-37 (1991); *see also Turman v. Tuttle*, 711 F.2d 148, 148-49 (10th Cir. 1983) (denying attorney's fees under § 1988 to pro se litigants who are not members of the bar).

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 189) is GRANTED. Pursuant to § 1988, Christensen is awarded $116,210.00 in attorney's fees.[38] It is further

ORDERED that, pursuant to Fed.R.Civ.P. 54 and § 1920, Park City is to be taxed $825.67 in costs.[39]

DATED   July 11, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[38] This total is derived from the sum of the following: $90,400 for the services of Manning Curtis, $25,710.00 for the services of the Utah Legal Clinic, and $100 for reimbursement for an initial consultation fee paid to the Utah Legal Clinic.

[39] This total is derived from the sum of the following: $466.15 for expenses incurred by Manning Curtis, $6.50 for expenses incurred by Utah Legal Clinic, and $353.02 for expenses incurred Mr. Christensen personally.